|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| MARK CHOMIN, a single man,<br><br>            Plaintiff,<br><br>   v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, a foreign corporation, GLEN ALCORN, individually, and in his capacity as employee of AMERISOURCEBERGEN DRUG CORPORATION, MIKE MURPHY, individually and in his capacity as an employee of AMERISOURCEBERGEN DRUG CORPORATION, DAN HOFFMAN, individually and in his capacity as an employee of AMERISOURCEBERGEN DRUG CORPORATION and CHUCK NELSON, individually and in his capacity as an employee of AMERISOURCEBERGEN DRUG CORPORATION,<br><br>            Defendants. | No. 2:14-cv-1843<br><br>NOTICE OF REMOVAL |

**TO:   THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, defendant AmerisourceBergen Drug Corporation ("ABDC") hereby removes this action to this Court from the Superior Court of Washington for King County. In support of this Notice, ABDC respectfully states:

NOTICE OF REMOVAL– 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

64669-0009/LEGAL124326338.2

**STATE COURT ACTION**

1. Plaintiff Mark Chomin ("Plaintiff") commenced this action on or about November 13, 2014, by filing the Summons and Complaint in the Superior Court of Washington for King County, where it was assigned Case No. 14-2-30713-6 KNT. On November 14, 2014, Plaintiff served ABDC with the Summons and Complaint. To date, no other defendant (Glen Acorn, Mike Murphy, Dan Hoffman, or Chuck Nelson) has been served. No further proceedings in this matter have been had in the Superior Court.

2. Plaintiff pleads claims for: breach of contract; breach of duty of good faith and fair dealing; violation of public policy; "union busting" in violation of RCW 49.32 *et seq.*; age discrimination pursuant to RCW 49.60 *et seq.*; retaliation; negligent infliction of emotional distress; and negligence. Complaint at ¶¶ 3.1-3.27. Plaintiff seeks compensatory damages for past and future wages, "general and special damages", "compensation for all pecuniary losses. . . including out of pocket expenses", compensatory damages for "emotional suffering, distress, loss of enjoyment of life", payment for tax consequences associated with any damage award, pre and post judgment interest, attorneys' fees and costs, and "[s]uch other relief as the Court deems just proper." Complaint at ¶¶ 4.1-4.8.

**GROUNDS FOR REMOVAL**

*Federal Question Jurisdiction and Supplemental Jurisdiction*

3. This action is removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331. Specifically, there is federal question jurisdiction because Plaintiff's claims for breach of contract and breach of duty of good faith and fair dealing are preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. 141, *et seq.* The District Court has supplemental jurisdiction over Plaintiff's state law claims (employment discrimination pursuant to RCW 49.60; retaliation; "union busting" in violation of RCW 49.32 *et seq.*; negligent infliction of emotional distress; negligence; and violation of public policy) pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367 ("district courts shall have

NOTICE OF REMOVAL – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

64669-0009/LEGAL124326338.2

supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Plaintiff's state and federal claims arise from the same fact pattern and all relate to Plaintiff's employment and the termination thereof. Thus, this Court has jurisdiction over each of Plaintiff's claims.

### *Three Contracts Between Union, ABDC and Plaintiff*

4. Plaintiff, a former employee of ABDC, was represented at all times during his employment at ABDC by the International Brotherhood of Teamsters ("the Union"). Complaint at ¶ 2.2. The terms and conditions of Plaintiff's employment were the subject of Collective Bargaining Agreements ("CBA") negotiated on his behalf by the Union. *See* Declaration of Emily Bushaw in Support of ABDC's Notice of Removal ("Bushaw Declaration"), Ex. A. The relevant CBA for purposes of the present case was in effect between November 1, 2009 and October 31, 2012. *Id*., Ex. A.

5. The CBA provides a mandatory procedure for employee terminations and for union employees to grieve or otherwise challenge those terminations. *See* Bushaw Declaration Ex. A. In particular, Article 8 of the CBA, entitled "Suspension and Discharge" provides for "just cause" termination as well as a four-step disciplinary process (including discharge) for employees with job performance issues. *Id*. § 8.01 *et seq*. Article 9 provides specific mechanisms by which the Union can bring a grievance challenging ABDC's termination decisions. *Id.*, § 9.01 *et seq*. Article 23 specifically incorporates the Letter of Understanding related to Plaintiff Mark Chomin (the "Letter of Understanding"). *Id*. § 23.

6. Plaintiff attached the Chomin Letter of Understanding to his Complaint. Complaint at ¶ 2.3[1], Ex. 1. The Letter of Understanding provides:

> It is agreed by and between the parties that with respect to the position of QTL as it applies to Mark Chomin, *only*, management will not demote Chomin or otherwise remove him from the position of QTL except for just cause, *provided*,

---

[1] The Complaint contains two paragraphs numbered "2.3"

NOTICE OF REMOVAL – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the position of QTL continues to exist.  This agreement in no way effects management's right to eliminate the position of QTL entirely or to make decisions with respect to any other QTL position as set forth in the management rights clause, Article 3 of the Collective Bargaining Agreement.

*Id.* (and Bushaw Decl., Ex. B).  Plaintiff asserts that in October 2011, ABDC reassigned Plaintiff to a "new position." Complaint at ¶ 2.5.  He alleges that within three days ABDC "began writing Plaintiff up for errors." *Id*.

7. Shortly thereafter, on November 22, 2011, Plaintiff, the Union, and ABDC entered into a third agreement specifically related to Plaintiff's employment.  The Settlement and Last Chance Agreement ("Last Chance Agreement") provided that Plaintiff would be discharged if he was involved in one further incident in which he was "in violation of *any* Company Rule, Standard Operating Procedure, or any violation that would fall under a conduct violation." Bushaw Decl., Ex. C (emphasis in original).  According to the Last Chance Agreement:

> 3. Chomin agrees that if he is discharged during the period covered by this Agreement, he will not contest his discharge in any forum, including without recourse, through and against the Union. Chomin shall, however, retain the right to grieve/arbitrate solely the issue whether he did or did not violate this Agreement.  The decision of the Company as to the discharge/discipline penalty for violation of the Agreement shall be final and not subject to the grievance/arbitration procedure.
>
> 4. By entering into this Agreement, Chomin and the Union understand and agree that they are both expressly waiving their rights under the grievance/arbitration procedures concerning the level of discipline imposed by the Company upon Chomin for the term of this Agreement.

*Id*.  The Last Chance Agreement was signed by ABDC, Plaintiff, and the Business Representative of Teamsters Local Union 117.  *Id*.

8. In December 2011, ABDC terminated Plaintiff's employment.  Complaint at ¶ 2.6.

*Plaintiff's Union Contract Claims*

9. Plaintiff now claims that ABDC breached its duty of good faith and fair dealing "in the formation and performance of their contracts with Plaintiffs [sic]." Complaint at ¶ 3.19.

NOTICE OF REMOVAL – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

64669-0009/LEGAL124326338.2

He also asserts that his termination amounted to a breach of contract by ABDC. ("Defendants breached their agreements with Plaintiff by . . . firing him and failing to rehire him."). *Id.* ¶ 3.27

10. The three union contracts that appear to provide the base of Plaintiff's claims are: (1) the CBA, (2) the Letter of Understanding incorporated into the CBA, and (3) the Last Chance Agreement.

11. Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA") provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 642 (9th Cir. 1989). The Ninth Circuit has consistently held that breach of collective bargaining agreement claims brought by union employees are preempted by the LMRA. *E.g. Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285-86 (9th Cir. 1989) (contract claim concerning job covered by collective bargaining agreement "is completely preempted by Section 301"); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (same). Because such claims are "completely preempted," and supplanted by a claim under Section 301 of the LMRA, removal to this Court is appropriate and proper, *Chmiel*, 873 F.2d at 1285-86; *Young*, 830 F.2d at 997, 999, and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

12. Section 301 also completely preempts any state law claim that requires interpretation of a collective bargaining agreement. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1408 (9th Cir. 1991) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)). If the factual inquiry regarding a state law claim "turns on the meaning of any provision of the collective bargaining agreement," Section 301 preempts the claim. *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991) (quoting *Ackerman v. W. Elec. Co., Inc.*, 860 F.2d 1514, 1517 (9th Cir. 1988)). The United States Supreme Court has stated that Section 301 preempts any state law claim that is "inextricably intertwined with consideration of the terms of a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1984).

NOTICE OF REMOVAL – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

64669-0009/LEGAL124326338.2

13. Plaintiff's claims for breach of contract and breach of duty of good faith and fair dealing are preempted by the LMRA. To determine whether Plaintiff was treated in accordance with the terms of the CBA, the Letter of Understanding and the Last Chance Agreement requires the interpretation of each of these agreements. Plaintiff's claims are therefore preempted by the LMRA.

## ACTION REMOVABLE

14. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had he filed the action initially in federal court. This Court is the district court of the United States for the district and division embracing the place where the state court action is currently pending, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in the Complaint concern events that occurred within the Western District of Washington. Complaint at ¶ 1.8.

15. This notice is filed with the Court within thirty (30) days after receipt by ABDC of the Complaint, in accordance with 28 U.S.C. § 1446(b)(1).

16. All defendants, who have been properly joined and served, consent to the removal of the action, in accordance with 28 U.S.C. § 1446(b)(2)(A).

17. As required by 28 U.S.C. § 1446(d), ABDC has served counsel for Plaintiff with this Notice of Removal.

18. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with King County Superior Court of the State of Washington.

19. All other procedural requirements are met.

NOTICE OF REMOVAL – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

64669-0009/LEGAL124326338.2

**PLEADINGS FILED**

20. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Verification of State Court Record filed with this Notice.

DATED: December 4, 2014

By: s/ Chelsea Dwyer Petersen
By: s/ Emily Bushaw
Chelsea Dwyer Petersen #33787
Emily A. Bushaw #41693
Attorneys for Defendant
AMERISOURCEBERGEN DRUG CORPORATION
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CDPetersen@perkinscoie.com
EBushaw@perkinscoie.com

NOTICE OF REMOVAL – 7

64669-0009/LEGAL124326338.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

On December 4, 2014, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document(s):

**Notice of Removal**.

| | |
|---|---|
| James M. Owen, Jr., WSBA N002924 | ☒ Via hand delivery |
| Vanessa M. Vanderbrug, WSBA No. 31668 | ☐ Via U.S. Mail, 1st Class, Postage Prepaid |
| Owen Law Group PLLC | |
| 1001 Fourth Ave., Suite 3200 | ☐ Via Overnight Delivery |
| Seattle, WA 98154 | ☐ Via Facsimile |
| Tel: (206) 467-1400 | ☐ Via E-filing |
| **Attorneys for Plaintiff** | |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 4th day of December, 2014 in Seattle, Washington.

By: s/ Chelsea Dwyer Petersen
By: s/ Emily Bushaw
Chelsea Dwyer Petersen #33787
Emily A. Bushaw #41693
Attorneys for Defendant
AMERISOURCEBERGEN DRUG CORPORATION
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CDPetersen@perkinscoie.com
EBushaw@perkinscoie.com

CERTIFICATE OF SERVICE– 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

64669-0009/LEGAL124326338.2